UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOT CANNON<br><br>　　　　Plaintiff,<br><br>　v.<br><br>The BOEING COMPANY, a Delaware Corporation<br><br>　　　　Defendants. | CASE NO. C12-1344-RSM<br><br>ORDER GRANTING DISMISSAL |

This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6). Dkt. # 9. After considering the entirety of the record, the Court finds oral argument unnecessary to decide the motion. For the reasons stated below, Defendant's motion is GRANTED.

## I. INTRODUCTION

Defendant Boeing brings this motion to dismiss Plaintiff's complaint in its entirety. Dkt. # 9, p. 1. Mr. Cannon, a former Boeing employee, brought suit in King County Superior Court for breach of contract arising from his termination from Boeing on May 7, 2007. Boeing timely removed the action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. Dkt. # 1, p. 1. Boeing contends that because Plaintiff's claims are preempted by Section 301 of the Labor-Management

ORDER GRANTING DISMISSAL - 1

Relations Act ("LMRA"), which imposes a six-month statute of limitations, Plaintiff's claims are irreparably time barred and thus ripe for dismissal by the Court.

## II. BACKGROUND

Mr. Cannon was most recently hired by Boeing on November 12, 2004, as an Electronic Maintenance Technician. Dkt. # 3-1, ¶¶ 7-8. Plaintiff was a member of the International Association of Machinists and Aerospace Workers union and his employment agreement was governed by a collective bargaining agreement ("CBA") entered into on September 25, 2005. *Id.* at ¶¶ 9-10. The CBA "provided for suspension and termination of employment for cause . . . and provided that Defendant Boeing would provide instructions to plaintiff on Company rules, procedures, and policies." *Id.* at ¶¶ 13-14.

Plaintiff's termination allegedly resulted from two safety violations. The first occurred on December 6, 2006 when Plaintiff received a shock during a training class when plaintiff removed a DC Buss cover and came into contact with a high voltage DC Buss. The second violation occurred on March 9, 2007 when Plaintiff failed to apply a second "transfer" lock to a milling machine in accordance with Boeing safety policy. On May 2, 2007, plaintiff was terminated for failure to follow proper safety procedures. Plaintiff alleges five breach of contract claims against Boeing. Boeing contends that each claim is preempted by § 301 of the LMRA and that Plaintiff's claims are time barred pursuant to the six-month statute of limitations imposed on hybrid LMRA claims. Plaintiff, however, contends that there is no LMRA preemption and thus the applicable statute of limitations is six years under RCW 4.16.040. Dkt. # 10.

III. ANALYSIS

**A. Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted); *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**B. LMRA Preemption**

When an employee alleges breach of a collective bargaining agreement, "the suit against the employer rests on § 301" of the LMRA. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). Under § 301, employees are generally required to seek relief from employer disciplinary actions through the grievance procedure established by the union and set out in the CBA. *See id.* Challenging employer action through the grievance process is the employee's exclusive remedy with one exception. *Id.* at 163-64. In an instance where the union fails to fairly represent the employee through the grievance process, the employee may challenge

1   both the employer for breach of the CBA and the union for breach of the duty of fair
2   representation. *Id.* at 164.

3       Section 301 of the LMRA preempts state-law claims "if the resolution of [the] claim[s]
4   depends upon the meaning of a collective-bargaining agreement." *Detabali v. St. Luke's Hosp.*,
5   482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S.
6   399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).  Generally, "[t]he plaintiff's claim is
7   the touchstone of this analysis." *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th
8   Cir. 2001) (en banc). Preemption is not mandated solely because the defendant refers to the CBA
9   in mounting a defense; rather, section 301 only preempts claims that require an interpretation of
10  the CBA for resolution. *See Detabali*, 482 F.3d at 1203.

11      Despite Plaintiff's argument that Defendant fails to show "how plaintiff's claims arise
12  from the CBA," (Dkt. # 10, p. 4) and that the "agreement under which the Plaintiff brings suit is
13  separate from the CBA," (Dkt. # 10, p. 1), the Court notes that Plaintiff attached the CBA (Union
14  Contract) to his complaint and refers to it expressly in the complaint and within all five of his
15  claims for breach of contract. Dkt. # 3-1, ¶¶ 24, 55-58, 70, 72, 75, 78, 80, 84, 86, 92-93, 95-97.
16  Moreover, Plaintiff's complaint states unequivocally that each of his claims derive from
17  Boeing's breach of the CBA. *See, e.g.*, *id.* at ¶ 70 ("Defendant Boeing [sic] breach of the Union
18  Contract cost the plaintiff loss of money for wages and benefits to which he was otherwise
19  entitled").  Because Plaintiff's claims facially direct the Court to the CBA for resolution, the
20  claims, as alleged, are preempted by § 301 of the LMRA.

21  **C.  Statute of Limitations**

22      Section 301 does not contain a statute of limitations period. *See AFL-CIO v. Hoosier*
23  *Cardinal Corp.*, 383 U.S. 696, 697-98, 86 S. Ct. 1107, 16 L. Ed. 2d 192 (1966).  Defendant
24  argues that a six-month statute of limitations applies in this case because Plaintiff asserts hybrid

claims under § 301. *DelCostello*, 462 U.S. at 172 (stating that for "hybrid" actions containing allegations against both the employer and the union, courts should adopt the six-month statute of limitations period set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. 158). While the six-month statute of limitations is applied to hybrid § 301 claims, the most appropriate state statute of limitations should be applied to "pure" § 301 claims. *Tand v. Solomon Schechter Day Sch. of Nassau County*, 324 F. Supp. 2d 379, 383 (E.D.N.Y. 2004). Here, the Union is not a named defendant in the case. However, hybrid claims may be found where the union is not a named defendant but the pleadings allege wrongdoing by the union. *DelCostello*, 462 U. S. at 164-65 (stating that the employee may sue either the employer or the union, but to prevail on the claim she must show that discharge was contrary to the contract and that the union breached its duty of fair representation).

Although Plaintiff neither addresses nor disputes Boeing's argument that he alleges "classic hybrid" LMRA claims, an independent review of the complaint demonstrates that it can fairly be read to assert claims that implicate the Union's breach of its duty of fair representation. Plaintiff alleges that his termination from Boeing resulted from two disciplinary actions. Dkt. # 3-1, ¶ 61. And for each disciplinary action, Plaintiff invoked the grievance procedure provided for in the CBA. For the safety violation cited on December 6, 2006, Plaintiff received a one-day suspension. He invoked the grievance procedure, but the Union decided not to grieve the disciplinary action. *Id.* at ¶ 22. While Plaintiff contends that the Union's decision to not grieve the action was predicated on misrepresentations made by Boeing to Plaintiff's Union representative, the Union's decision to not grieve the action on Plaintiff's behalf forms the basis for Plaintiff's claims against Boeing. Plaintiff's claims implicate the Union's failure to fairly represent him by not grieving an action for which Plaintiff believed no cause for disciplinary action existed.

Similarly, for Plaintiff's March 9, 2007 safety violation, Plaintiff initiated the grievance process. He alleges that Boeing's misrepresentations during that process hampered the Union's investigation. Plaintiff again implicates the Union's failure to fully investigate Boeing's disciplinary action against him. Therefore, because Plaintiff challenges both the employer's breach of the CBA and the Union's failure to provide effective representation during the grievance process, Plaintiff's assertions are in the nature of hybrid LMRA claims to which the six-month statute of limitations applies.

All incidents surrounding plaintiff's termination from Boeing occurred prior to May 2, 2007. Plaintiff filed this complaint on July 20, 2012, more than five years later. Plaintiff's claims are therefore time barred under § 301. In finding Plaintiff's claims, as alleged, preempted under § 301 and time barred through a facial review of the claims alleged in the complaint, the Court makes no determination about whether Plaintiff lacks any plausible state law cause of action. Accordingly, the Court Grants Defendant's motion pursuant to Rule 12(b)(6) without prejudice.

## IV. CONCLUSION

Having reviewed Defendant's motion, the response and reply thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's motion to dismiss (Dkt. # 9) is GRANTED without prejudice.

(2) The Clerk is directed to send a copy of the Order to all counsel of record.

Dated this 27 day of November 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE